Olisemeka v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-three.

PRESENT:

ROSEMARY S. POOLER,
RICHARD C. WESLEY,
MICHAEL H. PARK,
*Circuit Judges.*

_____

Chukwudi Olisemeka,

*Petitioner-Appellant,*

v.                                                                        22-1466

United States of America

*Respondent-Appellee.*

_____

FOR PETITIONER-APPELLANT:        RHIDAYA TRIVEDI (Ronald L. Kuby, *on the brief*), Law Office of Ronald L. Kuby, New York, NY.

FOR RESPONDENT-APPELLEE:          RAJIT S. DOSANJH, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Chukwudi Olisemeka was deported in 2008. In May 2017, he was arrested while reentering the United States and charged with illegal reentry in violation of 8 U.S.C.§§ 1326(a) and (b)(1). Timothy Austin of the Federal Defenders Office was appointed to represent him. Olisemeka ultimately pleaded guilty under a "fast track" plea agreement and was sentenced to 6 months' imprisonment. In November 2021, Olisemeka petitioned the district court for a writ of error *coram nobis* to vacate his illegal reentry conviction. Olisemeka argued that Austin was ineffective counsel for failing to collaterally attack the validity of his 2008 deportation order and to fully investigate the circumstances of the deportation hearing. The district court denied the petition, finding that Olisemeka failed to demonstrate ineffective assistance. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"*Coram nobis* is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)). "A petitioner seeking *coram nobis* relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate

earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (internal quotation marks omitted). "We review *de novo* the standards that a District Court applies in considering the writ of error *coram nobis* and review for abuse of discretion a District Court's final decision to deny the writ." *Porcelli*, 404 F.3d at 158.

The district court did not abuse its discretion in denying Olisemeka's petition because Olisemeka failed to demonstrate that he received ineffective assistance of counsel in connection with his 2017 plea agreement. "In order to succeed on a claim that he has been denied constitutionally effective assistance of counsel, the defendant must show both (a) 'that counsel's representation fell below an objective standard of reasonableness' and (b) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. DiTomasso*, 932 F.3d 58, 69 (2d Cir. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). The district court applied this standard and correctly concluded that Olisemeka had not met either requirement.

First, the record does not demonstrate that Austin's representation fell below an objective standard of reasonableness. Olisemeka was in poor physical and mental health in 2017. Austin understood that Olisemeka "was extremely concerned about his health at the time and that lengthy incarceration might increase his chances for serious illness." App'x at A-223. Austin also received an email from Olisemeka's brother explaining that the family's "main concerns now are [Olisemeka's] physical and mental health and how his incarceration will negatively affect both." *Id.* at A-128. Under these circumstances, Austin concluded that a fast-track guilty plea was in Olisemeka's best interest because it would likely result in the shortest possible period of

3

incarceration. Austin reasonably did not fully investigate Olisemeka's underlying deportation order because the fast-track plea agreement required a plea agreement within 30 days of arrest and without filing any pretrial motions and nothing before him suggested that there were issues requiring further investigation as to Olisemeka's underlying removal proceedings. *Cf. Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. . . . [W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.").

Second, the district court correctly found that even if Austin's behavior had been unreasonable, Olisemeka suffered no prejudice. When, as here, the defendant alleges "the improvident acceptance of a guilty plea," the defendant must "show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (cleaned up). Courts "look to contemporaneous evidence to substantiate a defendant's expressed preferences" about "how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017). Here, Olisemeka suffered no prejudice because the contemporaneous evidence indicates that he was most concerned about his health and his inability to handle a long period of incarceration. *See United States v. Herrera-Cleto*, 836 F. App'x 62, 64 (2d Cir. 2020) (holding that defendant failed to show prejudice when she claimed "that had she known of the deportation consequences of her guilty plea, she would have chosen instead to go to trial" but the record demonstrated that, at the time of her plea, she prioritized "avoid[ing] a custodial sentence").

4

The district court thus did not abuse its discretion in denying Olisemeka's petition for a writ of error *coram nobis*. We have considered all of Olisemeka's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court